IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| CHRISTIAN MICHAEL NUSCHLER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil No.: **3:19cv00005-JMV** |
| ) | |
| **COMMISSIONER OF** ) | |
| **SOCIAL SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**BEFORE THE COURT** are Plaintiff's Petition for Attorney Fees [23] and the Commissioner's response [24]. For the reasons stated in Plaintiff's petition, and finding Defendant has no objection, the Court finds Plaintiff's attorney fee request is reasonable and should be awarded. Accordingly, it is hereby ORDERED that Plaintiff is awarded $5,632.20.

IT IS FURTHER ORDERED that the Commissioner's objection to Plaintiff's request for an additional $50.29 in mileage expenses is overruled, and the Commissioner shall reimburse Plaintiff for her counsel's mileage. The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), allows awards for attorney fees *and* "other expenses," and the Commissioner has failed to provide any authority to support the suggestion that Plaintiff is not entitled to reimbursement for reasonable and necessary *expenses* incurred by her counsel in this litigation. *See Oliveira v. United States,* 827 F.2d 735, 744 (Fed. Cir. 1987) (stating courts are authorized under the EAJA to award "those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried"). Furthermore, in *Stark v. Commissioner of Social Sec.*, No. 3:14cv150-DAS, 2015 WL 3795985, at *2 (N.D. Miss. June 17, 2015), rejecting the

Commissioner's argument that counsel's travel time should be compensated at a lower hourly rate, Judge Sanders wrote: "The court declines to further reduce the incentive for social security work by reducing compensation that is already below the market rate for similar services." Similarly, the undersigned finds no reason to reduce the incentive for social security work by disallowing reasonable and necessary expenses claimants are entitled to under the EAJA.

Finally, pursuant to *Astrue vs. Ratliff*, 130 S. Ct. 2521 (2010), the award check should be made payable to Plaintiff (for the benefit of her counsel).

SO ORDERED this 17th day of April, 2020.

/s/ Jane M. Virden
United States Magistrate Judge